Nash, J.
 

 Wo concur with his Honor on all the points, to which the plaintiff has excepted. Allen Dunn was a competent witness. Although5’an obligor to the bond, on which the action is brought, yet he is no party to this suit. If the plaintiff fail, it leaves him still open to his action, and if he succeeds, he might be liable to the defendant, either for contribution or for costs. But the release removes that difficulty, and renders him a competent witness, being entirely without any interest in the matter, except his responsibility to the plaintiff. This point is.
 
 *136
 
 directly decided in the case of
 
 Maffitt
 
 v.
 
 Gains,
 
 1 Ired. 158.
 

 We see no error in the receiving of the evidence relative to the Bank draft, nor in the charge as to its effect. We think the evidence was both relevant and sufficient to sustain the issue on the plea of payment. The objection on the part of the plaintiff cannot be sustained. The evidence could not have supported the plea of accord and satisfaction. If it could not avail the defendant, under that of payment, it could not avail him at all, under any other. The action is on a specialty — a bond for the payment of so much money. It is a rule in pleading, that as the plaintiff’s action must have all things that are necessary and essential to support.it, so the defendant’s bar must be substantially good, and, if the gist of the bar be bad, it is not cured by a verdict in favor of the defendant. At common law, a single bill could not be discharged by payment alone ; the
 
 obligation
 
 still remained in force, for it could be dissolved only by an instrument of as high character as itself.
 
 Eadem ligamine, quo ligatur,t
 
 was the maxim of the common law. Platt on Covenants, 591. If, then, a defendant to a suit, on such a bond, had. pleaded payment, without setting forth an acquittance, and the jury had found a verdict for him, he could have had no judgment; because the acquittance being the gist of the plea, it was bad without it.
 
 2
 
 Tidd’s Pr. 921. 6 Coke, 43. And the rule is the same in pleading accord and satisfaction; and for the same reason, it must be pleaded to be by deed. Platt on Covenants,
 
 592. 2
 
 Will. 86.
 
 Preston
 
 v.
 
 Christmass.
 
 That was an action of debt on a single bill; the plea, accord and satisfaction. The plaintiff demurred, and for cause of demurrer shewed, that the plea did not set forth it was by deed. On the argument, the Court sustained the demurrer, and say— “ This being an action of debt, on an obligation without any condition, satisfaction must be pleaded by deed.’’' They rely upon 6th Coke, 43.
 

 
 *137
 
 The common law, as to the plea of payment, remained ■until the fourth year of the reign of Queen Anne. ' In that year, the right to plead payment to such a bond was established by an act of Parliament. The 12th sec. of that act gives that plea. Before the passage of that statute, the acquittance under seal was the discharge ; the money paid, the consideration for it. The statute of Anne, however, makes no mention of the plea of accord and satisfaction ; it still remains as at common law, and must be pleaded with an acquittance. Here, there was no acquittance; the defendant could not have pleaded accord and satisfaction, and could avail himself of the matters in discharge, only under the plea of payment, and that under the statute of Anne. The evidence, then, was pertinent to the issue joined under the plea of payment. Was it sufficient to sustain the plea — did the matters found, amount to a payment of the bond? We think they did. The bond is a single one, dated the 20th February, 1836, and payable six months thereafter. In the month of June, before the obligation became due, the defendant, with a view to its discharge, transferred to the plaintiff a Bank draft, which was received by him in payment of it, and, in the course of a few days, the holder negotiated it at par, and received the cash, in amount equal to the bond. Why is this not a payment
 
 1
 
 A payment, it is said by Mr. Stephens, vol. 2d, p. 716, may be made in money or its equivalent. And Mr. Chitty, in his treatise on contracts, 750, states that payment may be in in money or in goods, when the latter are received at an agreed value. Thus if A. hold a bond on B. for $100, and the latter deliver to the former a horse, valued by the parties at that sum, and the horse is received in discharge of the obligation, it is a payment, although the horse may die the day after the delivery. Payment may be made, also, in a bill of exchange, or a promissory note, though the receipt of neither is in itself a payment, for neither is money. But if received, and the creditor do not use
 
 *138
 
 the necessary diligence to get it paid, the defendant will 'be discharged. 2 Steph. PL 232, and the cases there referred to. When, at the time of the transfer, it is agreed between the parties, that the draft' shall be received in payment, it will discharge the debt, as a payment. Mayer
 
 v.
 
 Nias, 1st Bing". 311. Chit, on Con. 707. And that whether the creditor receives any money upon it or not, provided the note or draft be, what it purports to be, genuine, and there be no fraud. 2 Starkie, 180. Nor is it necessary to show in so many words, that the creditor did receive it as payment. In the case from 1st Bingham, the agreement was inferred from circumstances. The action was brought by the plaintiff, as assignee of a bankrupt, against the defendant, to recover the value of goods sold and delivered, and which were to be paid for in cash. A brother of the bankrupt called on the defendant for payment, who paid him some money and a dishonored bill, upon which the bankrupt was acceptor. This the brother at first refused to take, but upon its being thrown down by the defendant, he took it up and carried it to the bankrupt, who received and never returned it. The Court observed — “ Was the bill accepted in payment? It was thrown
 
 down
 
 and perhaps rejected, but it was
 
 then taken
 
 up and carried to the bankrupt, who retained it: it was therefore a payment.”
 

 But the case before us does not rest simply upon the fact, that the draft was received in payment by the plaintiff; there is this additional and most important one. The plaintiff actually received the full amount in cash. It is true, the money was received by him before the bond fell due, and it was not, strictly speaking, a payment at that time. The bond does not, by its terms, authorise a payment before the 20th of August. The money, when received by the plaintiff, was received to his own use, and when the bond came to maturity, the money being in his hands, the obligation was discharged.
 

 Per Curiam. Judgment affirmed.